J-S20026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON ANDREW HALL, | |
| Appellant | No. 1475 WDA 2014 |

Appeal from the PCRA Order Entered August 8, 2014
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0002242-2008

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED MAY 20, 2015**

Appellant, Jason Andrew Hall, appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the history of this case as follows:

> The Commonwealth originally charged Appellant with a host of sex offenses after he engaged in sexual intercourse with a juvenile at the Mars Home for Youth while he was employed at that facility.  Specifically, the criminal complaint included forty-six counts of differing crimes, including rape by forcible compulsion, rape by threat of forcible compulsion, institutional sexual assault, aggravated indecent assault without consent, aggravated indecent assault forcible compulsion, aggravated indecent assault threat of forcible compulsion, indecent assault without consent, indecent assault by threat of forcible compulsion, corruption of minors, and endangering the welfare of children ("EWOC").

    After his admission to consensual sex with the victim was not suppressed, Appellant elected to enter an open *nolo contendere* plea to three counts of institutional sexual assault, and one count each of EWOC and corruption of minors. The court sentenced Appellant on December 9, 2010 to nine months to three years for each institutional sexual assault and the EWOC charge. It also imposed an additional one-month to one-year sentence for the corruption of minors count. Each sentence was consecutive. Thus, Appellant's aggregate sentence was three years and one month to thirteen years [of] incarceration.

    Appellant filed a timely motion to modify his sentence, alleging that his crimes merged. After a hearing, the court denied Appellant's motion. Appellant did not file a direct appeal. However, on August 22, 2011, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who submitted an amended petition and supplemental petition. The court conducted an evidentiary hearing on September 25, 2012. Although the court held a hearing and was not obligated to file a notice of intent to dismiss, it did so along with an opinion in support thereof. Appellant responded, and the PCRA court denied Appellant's petition. [A] timely appeal ensued.

***Commonwealth v. Hall***, 392 WDA 2013, 96 A.3d 1096 (Pa. Super. filed January 30, 2014) (unpublished memorandum at 1-2). This Court affirmed the PCRA court's denial of Appellant's petition. ***Id.*** Appellant's petition for allowance of appeal was denied on July 2, 2014. ***Commonwealth v. Hall***, 83 WAL 2014, 94 A.3d 1008 (Pa. filed July 2, 2014).

On July 11, 2014, Appellant, *pro se*, filed the instant PCRA petition. The PCRA court denied that petition by order entered August 8, 2014. Appellant filed a request for reconsideration, which the PCRA court denied on August 21, 2014. Appellant filed a timely notice of appeal on September 3, 2014. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied.

Appellant presents the following issues for our review:

1. Whether the PCRA court erred when the court mistakenly dismissed Appellant's Post-conviction Relief Act Petition as a second and/or subsequent PCRA Petition?

2. Whether the PCRA court erred when the court reinstated Appellant's Post-sentence Motions and Appellate Rights Nunc Pro Tunc, but classified the nunc pro tunc Post-sentence Motion hearing as a Post-conviction Relief Act proceeding pursuant to title 42 Pa.C.S. §§ 9541-thru-9546?

Appellant's Brief at 4 (verbatim).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

---

[1] The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Our review of the record reflects that the trial court imposed Appellant's judgment of sentence on December 9, 2010. On December 16, 2010, Appellant filed a timely post-sentence motion. The post-sentence motion was denied on February 17, 2011. Appellant did not file a direct appeal.

Accordingly, Appellant's judgment of sentence became final on March 21, 2011,[2] thirty days after the denial of Appellant's post-sentence motion on February 17, 2011, when the time allowed for filing a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903; Pa.R.Crim.P. 720(A)(2); **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004). Appellant did not file the instant PCRA petition, his second, until July 11, 2014. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

---

[2] We note that because March 19, 2011, fell on a Saturday, Appellant had until Monday, March 21, 2011, to file his notice of appeal. **See** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.). **See also Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004).

Appellant, however, has failed to assert any of the exceptions in his instant petition.[3]  Because Appellant has failed to plead and prove an exception to the time bar, Appellant's petition was untimely.

Consequently, the PCRA court lacked jurisdiction to address the claims presented and grant relief.  ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).  Likewise, we lack jurisdiction to reach the merits of the appeal.  ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2015

---

[3] We note that the two issues Appellant presents for consideration in his appellate brief were not raised in his Pa.R.A.P. 1925(b) statement.  As such, even if we were able to consider the merits of Appellant's claims, they would be waived for failure to raise them in his Pa.R.A.P. 1925(b) statement. ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").